UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBINO SANTOS PACHECO, | No. 1:26-cv-02159-DJC-SCR |
| Petitioner, | |
| v. | ORDER |
| TONYA ANDREWS, et al., | |
| Respondents. | |

Petitioner filed a Petition for Writ of Habeas Corpus (Pet. (ECF No. 1)) and a Motion for Temporary Restraining Order (Mot. (ECF No. 2)) seeking an order releasing Petitioner from custody.  The Court informed the parties that it intended to rule on the merits and neither party has objected.

Petitioner has been in the United States an estimated thirty years and, at the latest, since 2016. (Pet. ¶ 20; Opp'n (ECF No. 7) at 1.)  Prior to Petitioner's present detention, he sought and received DACA status.  (Opp'n at 1.)  Petitioner's DACA status was later not renewed.  (*Id.*)  Petitioner was taken into custody on September 19, 2025 while attending a state court hearing on a pending criminal charge.

The Court issued a minute or identifying cases that involved re-detention. Respondents distinguish the present case, arguing that Petitioner was never detained and released by ICE.  Even accepting this argument however, the Court's prior orders

1

are largely dispositive on the issues raised in the Petition and Motion. *See Morillo v. Albarran*, No. 1:25-cv-01533-DJC-AC, 2025 WL 3190899 (E.D. Cal. Nov. 15, 2025); *E.L.D.M. v. Becerra*, No. 1:25-cv-01906-DJC-JDP, 2025 WL 3707140 (E.D. Cal. Dec. 22, 2025). For the reasons stated in those cases, Petitioner is entitled to relief. As Petitioner has been present in the United States for years prior to his present detention, he is correct that he does not qualify as an "applicant for admission" and thus cannot be detained under 8 U.S.C. § 1225(b)(2). *See Morillo*, 2025 WL 3707140, at *4. Thus, Petitioner was entitled to the procedures and rights afforded under 8 U.S.C. § 1226(a), most notably, a bond hearing.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED as to Count 2 of the Petition.[1]

2. Within five (5) days of this Order, Respondents shall afford Petitioner Albino Santos Pacheco a bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond must be considered.

3. The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

IT IS SO ORDERED.

Dated:  __**March 26, 2026**__

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

---

[1] In the interests of judicial economy, the Court declines to address the remaining grounds for relief in the Petition.

2